REGINALD MAURICE DAWSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dawson v. Commissioner
Docket No. 7437-94.
United States Tax Court
T.C. Memo 1995-395; 1995 Tax Ct. Memo LEXIS 395; 70 T.C.M. (CCH) 434; August 16, 1995, Filed *395 Decision will be entered for respondent. Reginald Maurice Dawson, pro se. Reginald R. Corlew, for respondent. PARKER, Judge PARKER MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1991 in the amount of $ 10,004 and additions to the tax under section 6651(a) in the amount of $ 1,091.25 and under section 6654(a) in the amount of $ 214.96. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year before the Court, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issue is whether petitioner is entitled to any deductions for travel expenses, worthless stock, or other losses. FINDINGS OF FACT The following facts have been stipulated and are so found: [1]
Petitioner resided in Jacksonville, Florida, at the time the petition was filed. Petitioner failed to file a U.S. Individual Income Tax Return, Form 1040, for the taxable year 1991. *396 In 1991 petitioner had the following income: Wages:
Employer
Riverside Hospital
$ 21,088 Best Buy Drugs, Inc.
12,065 Albertsons, Inc.
11,335
Winn-Dixie Stores, Inc.
1,461
Nonemployment Compensation: Variable Annuity Life Insurance
450 Employment Security Commission
1,960
Total Income:
$ 48,359
Petitioner's filing status is married, filing separately. He is entitled to one personal exemption, and has total withholding credits in the amount of $ 5,639. Apart from the above stipulated facts, there is no probative evidence in the record. In his petition, petitioner claimed deductions for travel expenses, worthless stock, and other losses. At the trial, petitioner presented no documentation or information to substantiate any of his claimed deductions. Petitioner testified that in 1991 he had purchased what he thought was all of the stock of a corporation operating a pizza business. He further testified that after he had been operating the pizza business for about 2 months, an individual appeared at the business, announcing that he owned the other half of the stock of the corporation and that the sale to petitioner by the other shareholder had *397 been illegal. Apparently litigation ensued, with the result that petitioner was removed from the business premises and any business records he had on the premises could not be removed. It is not clear whether petitioner is claiming deductions for the corporation's business expenses or is claiming a capital loss. [2] After a partial trial, the Court kept the record open to permit petitioner to furnish documentation and further information to substantiate his claims. When no documentation or information was forthcoming, the record was closed. [3]
*398 OPINION Petitioner has stipulated and agreed to all of the facts supporting the determinations in the statutory notice of deficiency. There are no issues as to which respondent bears the burden of proof. The burden of establishing error in the deficiency notice or establishing claims raised in his petition or raised at trial rests upon petitioner. ; Rule 142(a). He has failed to carry his burden. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. The stipulation of facts and the exhibit attached thereto are incorporated herein by this reference.↩
2. The Court indicated on the record that petitioner may be entitled to a capital loss deduction, but that petitioner must submit evidence to document his loss. The record does not show when litigation in regard to the pizza business occurred. The record does not establish what petitioner paid for the stock or when his stock may have become worthless.↩
3. The notice setting this case for trial was served on August 5, 1994, setting the case for trial during a trial session in Jacksonville, Florida, commencing January 9, 1995. A partial trial was held on January 13, 1995. The parties were directed to appear for an oral status report at the commencement of a special trial session in Jacksonville, Florida, on February 6, 1995. Petitioner appeared at that time, but had not obtained any documents or information. The parties were directed to submit written status reports on May 8, 1995. Petitioner did not respond. Respondent reported that petitioner had not submitted any additional information or documents. The Court then allowed petitioner a further and final period of time, to and including July 7, 1995, within which to submit any further information and documentation in regard to his alleged stock loss. Nothing was forthcoming, and the evidentiary record was closed by order dated July 27, 1995.↩